IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DESTINY GANZER on behalf of )
M.G., a minor child, )
 )
        Plaintiff, )
 )
        v. ) Civil Action No. 19-80-E
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

O R D E R

AND NOW, this 31st day of March, 2020, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., on behalf of her minor child, M.G., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the determination of the Administrative Law Judge ("ALJ") that M.G. does not meet or medically or functionally equal a listed impairment is not supported by substantial evidence because she did not properly weigh and consider all of the record evidence. Plaintiff also contends that the ALJ erred by failing to give appropriate consideration to the testimony of a lay witness, specifically that of Plaintiff, who is M.G.'s mother. The Court disagrees and finds that substantial evidence supports the ALJ's finding that M.G. is not disabled under the Social Security Act.

As noted, Plaintiff argues that the ALJ incorrectly found that her daughter's impairments did not functionally equal a listed impairment. As the parties agree, a child functionally equals a listing by showing that her impairment or combination of impairments resulted in "marked" limitations in two of the following six domains or "extreme" limitations in one:

      1) acquiring and using information
      2) attending and completing tasks
      3) interacting and relating with others
      4) moving about and manipulating objects
      5) caring for yourself
      6) health and physical well-being

See 20 C.F.R. § 416.926a. The ALJ did find that M.G. had marked limitations in her ability to care for herself, but that she had less than marked limitations in the other domains. (R. 26). Plaintiff argues that the ALJ should have also found that M.G. exhibited marked limitations in acquiring and using information and in interacting and relating with others.

In so arguing, Plaintiff contends that the ALJ improperly relied extensively, if not exclusively, on a questionnaire completed by two of M.G.'s teachers, Nicholas Galich and Lauren Rewers, opining that she did not exhibit marked limitations in any of the six domains. (R. 218-26). Plaintiff asserts that the ALJ gave the opinions contained in the questionnaire controlling weight despite the fact that they were not from acceptable medical sources. She further argues that the ALJ gave short shrift to the evidence in the record contradicting her findings and that the record evidence, considered in its entirety, demonstrated that her daughter did functionally equal a listing. However, Plaintiff's argument largely rests on her own mischaracterization of the ALJ's decision and her implied request that the Court reweigh the evidence.

Contrary to Plaintiff's contention, the ALJ afforded "significant," not controlling weight to the opinions of Mr. Galich and Ms. Rewers. While Plaintiff attempts to dismiss their opinions entirely, referring to the questionnaire as an "absurd document," this record was certainly something the ALJ was permitted to, and in fact required to consider. The Court notes that the

ALJ, in giving weight to the opinions of Mr. Galich and Ms. Rewers, expressly noted that their opinions were consistent with the medical and educational records. (R. 21).

Regardless, the ALJ relied on far more than a single teacher questionnaire in determining that M.G. had less than marked limitations in five of the six domains. For instance, she afforded "significant weight" to the opinion of the state agency medical consultants that M.G. had no marked limitations in any domain. (R. 21, 73-81). Indeed, the ALJ even noted that she actually found greater limitations than did the state consultants. (R. 22). Plaintiff does not acknowledge or address the ALJ's reliance on this opinion at all. Nor does she acknowledge that the ALJ, in making her findings, cited M.G.'s conservative treatment history, including the fact that she had not attended counseling and was not taking any medications for her mental health issues. (R. 21-22). The ALJ further relied on M.G.'s school records, including her report card. (R. 21, 23, 24, 247-48). Although Plaintiff suggests that the ALJ's account of her daughter's report card is overly positive, the ALJ did clearly note M.G.'s struggles with phonics, reading, and vocabulary. (R. 23). The ALJ also specifically referenced and cited to evidence from M.G.'s IEP findings in support of her decision. (R. 20, 21).

Plaintiff further argues that the ALJ simply ignored or dismissed evidence in the record that may have suggested that M.G. was disabled, despite her responsibility to discuss such evidence. See Cotter v, Harris, 642 F.2d 700, 705 (3d Cir. 1981). However, this does not accurately characterize the ALJ's decision. She actually found that the record reflects that M.G. has some limitations with respect to acquiring and using information, attending and completing tasks, and interacting and relating with others, just not marked limitations. (R. 21). The ALJ acknowledged and discussed evidence that supported finding some degree of limitation in these domains, specifically pointing out and addressing M.G.'s struggles with math and her "inconsistencies with her reading testing" (R. 21), the fact that teachers had observed that she was very shy and that she did not communicate much (R. 21, 23), and the fact that M.G. could be unfocused (R. 24). The ALJ also acknowledged M.G.'s autism spectrum disorder and the "qualitative impairments with social interactions and difficulty relating to people, objects, or events" resulting from this disorder. (R. 24-25). She even discussed the impact of the global assessment of functioning score of 45 that M.G. had been assessed. (R. 21-22). It is simply not the case here that the ALJ ignored evidence that may have tended not to support her findings.

The ALJ also discussed M.G.'s Full Score IQ score of 66, which was based on the results of the Wechsler Intelligence Scale for Children, Fifth Edition, test that had been administered to her. The ALJ recognized, as does Plaintiff, that this score was seen as a deflated representation of M.G.'s ability. (R. 23, 192). Plaintiff, however, argues that the ALJ should have further addressed the results of the subsections of this test, claiming that those scores were still valid. However, given that the Full Scale IQ was based on M.G.'s combined performance on all composite parts of the test (R. 192), and since all agree that the IQ score did not accurately reflect M.G.'s ability, it does not seem necessary for the ALJ to have separately discussed the test's subsections.

In sum, the ALJ extensively addressed all of the evidence in the record. The Court notes that in addition to the material discussed above, the ALJ also extensively discussed M.G.'s

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and that Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

urinary tract infections, bathroom issues, anxiety, anger, other behavioral issues in finding that M.G. had marked limitations in her ability to care for herself. (R. 26-27). Moreover, contrary to Plaintiff's claims, the ALJ clearly considered her testimony at significant length, and the weight she afforded that testimony is supported by substantial evidence.

Defendant is correct that Plaintiff is at least implicitly asking the Court to adopt her own analysis of the evidence. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers her own analysis of the evidence. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). As state agency medical consultant James Vizza, Psy.D., observed, "[e]vidence on this claimant is highly contradictory" (R. 78), so it is no surprise that Plaintiff would be able to identify evidence supporting a different finding. However, the ALJ's consideration of the matter was more than adequate, particularly in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.